**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) No. 4:01CR441-CEJ |
| | ) |
| **MAURICE LEE,** | ) |
| | ) |
| **Defendant.** | ) |

### ORDER

On October 16, 2002, defendant Maurice Lee pled guilty before this Court to a charge of conspiracy to distribute and to possess with the intent to distribute controlled substances including heroin, cocaine and cocaine base. On January 3, 2003, the Court sentenced Lee to 168 months' imprisonment to be followed by a five-year term of supervised release. Defendant's Total Offense Level was 33, and the Criminal History Category was I, yielding a Sentencing Guidelines imprisonment range of 135 to 168 months. Now before the Court are both pro se and counsel-filed motions for modification of Lee's sentence pursuant to 18 U.S.C. §3582(c)(2) based on the retroactive amendments to the Guidelines applicable to cocaine base offenses.

At the time of his guilty plea, Lee stipulated to the following facts:

> The total amounts of controlled substances for which the defendant is responsible is, [sic] in excess of three kilograms and less than ten kilograms of heroin, and in excess of 150 grams and less than 500 grams of cocaine base. Lee admits that he and others reached an agreement or came to an understanding between 1998 and October 18,

>     2001, to distribute and to possess with the intent to
>     distribute over 50 grams of cocaine base and over one
>     kilogram of heroin.

Stipulation and Agreement Relative to Plea and Sentencing [Doc. #475], p.7.  The parties further agreed as follows:

>     The parties stipulate that the quantity of heroin for
>     which the defendant is responsible, including relevant
>     conduct, is more than three kilograms and less than 10
>     kilograms.  The parties stipulate that the cocaine base
>     or crack cocaine for which the defendant is responsible,
>     including relevant conduct, is more than 150 grams and
>     less than 500 grams.  The resulting base offense level is
>     34.

Id. at 5.

The government opposes defendant's motion for a sentence reduction on the ground that the base offense level was driven by the quantity of heroin involved, rather than the quantity of crack cocaine.  The Commentary to §2D1.1 of the Sentencing Guidelines provides that the two-level reduction for crack cocaine offenses shall not apply where:

>     the 2-level reduction results in a combined offense level
>     that is less than the combined offense level that would
>     apply under subdivision (B) of this note if the offense
>     involved only the other controlled substance(s) (i.e.,
>     the controlled substance(s) other than cocaine base).

Application Note 10(D)(ii)(II).  This provision precludes a §3582(c) reduction here, as the offense level of 34 resulting from consideration of the heroin alone is greater than the combined offense level of 32 that would result were the 2-level cocaine base reduction applied.

2

Acknowledging these computations, Lee nonetheless argues that the result is unfair by comparative reference to co-defendant Charles Rush-Bey. The argument is unpersuasive in view of Lee's plea stipulation to responsibility for between 3 and 10 kilograms of heroin. The Court finds that defendant Lee is ineligible for a retroactive sentence reduction based on the recent Guidelines amendments which his motions invoke.

The Court finds no other basis for a sentence modification. Movant's contention that the Guidelines can be given merely advisory consideration in this §3582 context is rejected. See, e.g., United States v. Murphy, 578 F.3d 719, 721 (8th Cir. 2009). Nor does defendant's invocation of §3582 authorize a full resentencing, including reconsideration of sentencing issues other than the potential application of the retroactive Guidelines amendments. United States v. Jones, 523 F.3d 881, 882 (8th Cir. 2008); United States v. Hasan, 245 F.3d 682, 685-85 (8th Cir. 2001).

Accordingly, for all the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant Maurice Lee's motions for modification of sentence pursuant to 18 U.S.C. §3582(c)(2) [Docs. #870, #885 & #889] are denied.

Dated this   16th    day of November, 2009.

 /s/ Donald J. Stohr
UNITED STATES DISTRICT JUDGE